**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 99-4623

CLYDE SHIELDS BRYANT, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-98-56)

Submitted: April 28, 2000

Decided: May 17, 2000

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. David Nixon, HUFFMAN & NIXON, P.C., Roanoke, Virginia, for
Appellant. Karen Breeding Peters, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clyde Shields Bryant, Jr., appeals the imposition of a sixty-three month sentence following his guilty plea, pursuant to a plea agreement, to wire fraud and money laundering. Bryant's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), claiming that the district court had the authority to modify his plea agreement to allow him to appeal the assignment of one criminal history point for Bryant's prior North Carolina conviction for reckless driving, and that the district court erred by assigning the criminal history point, but concluding that there are no meritorious issues for appeal. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. Consequently, we affirm Bryant's conviction and sentence.

Bryant does not dispute that his plea agreement stated that he could not appeal Sentencing Guidelines issues. We find that Bryant made a knowing and intelligent waiver of his right to appeal such issues. See United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). To the extent that the district court's comments at the sentencing hearing could be construed as modifying the plea agreement to enable Bryant to challenge the criminal history calculation, the court was without the authority to do so; we therefore decline to relieve Bryant from his valid waiver of appeal. See United States v. Ritsema, 89 F.3d 392, 399 (7th Cir. 1996). Accordingly, we affirm Bryant's sentence and conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED